**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| SANDRA SANDOVAL, | No. 08-56067 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-03769-WDK-VBK |
| v. | |
| ST JOHNS REGIONAL MEDICAL CENTER, Erroneously Sued As Catholic Healthcare West doing business as St Johns Regional Medical Center; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
William D. Keller, District Judge, Presiding

Argued and Submitted May 5, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and EZRA, District Judge.[**]

Sandra Sandoval appeals the amount of the district court's award of

economic damages in her medical malpractice suit. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

On October 13, 2004, Sandra Sandoval, then 18 years old, delivered a baby girl at St. John's Regional Medical Center. Although Sandoval attempted to deliver her baby vaginally, the labor did not progress as expected. As a result, Dr. Afshan Ghiai delivered Sandoval's baby by Cesarean section. Although the baby was delivered successfully by C-section, Sandoval's condition deteriorated. Dr. Ghiai performed a second operation and discovered a uterine laceration/tear. This second surgery, however, did not solve the problem and several days later Sandoval underwent a third surgery to perform a hysterectomy (removal of Sandoval's uterus). The surgeon also removed one of Sandoval's ovaries.

Sandoval filed a medical malpractice suit in California state court, which defendants removed to federal court as provided by 42 U.S.C. § 233. The district court found Dr. Ghiai liable and awarded $250,000 in non-economic damages for pain and suffering, the maximum amount allowed under California law, along with $10,738.07 to satisfy a medical bill, and $736.50 for all other economic damages. The district court denied Sandoval's claim for $300,000 in economic damages, which she sought to cover the cost of future fertility treatments to produce eggs for three additional biological children and to pay surrogate mothers to carry the babies.

We have jurisdiction under 28 U.S.C. § 1291 and we review the district court's calculation of damages under state law for clear error. *Felder v. United States*, 543 F.2d 657, 664 (1976); *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004). We conclude the district court did not err in denying as speculative Sandoval's claim for economic damages for future fertility treatment and surrogate-mother expenses.

"It is well-established under California law that while the *fact* of damages must be clearly shown, the *amount* need not be proved with the same degree of certainty, so long as the court makes a reasonable approximation." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1443 (9th Cir. 1990); 23 Cal. Jur. 3d Damages § 63 ("[D]amages may be awarded for future medical care and treatment if such care and treatment is reasonably certain to be required and provided that the damages awarded are not speculative."). The evidence concerning the fact of damages consisted of Sandoval's testimony that she would like to have three additional children and her testimony that she and her boyfriend both came from large families. To prove the amount of damages, Sandoval introduced reports from fertility treatment centers about the cost of the fertility treatments and the cost of securing a surrogate mother to carry Sandoval's future children. While we are sympathetic to Sandoval, the evidence in the record is too speculative to establish

with reasonable certainty that Sandoval would incur such expenses. Sandoval did not testify that she intended to undergo such treatments or arrange for a surrogate mother. Thus, we affirm the district court's denial of economic damages for future fertility treatment and surrogate-mother expenses. Sandoval argues that to deny her damages would violate her constitutional right to bear children. Tragic as Sandoval's plight is, we find no constitutional violation.

**AFFIRMED.**